1  DAVID R. SINGH (Cal. Bar No. 300840)
2  david.singh@weil.com
   AMY TU QUYEN LE (Cal. Bar No. 341925)
3  amy.le@weil.com
4  WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway, 4th Floor
5  Redwood Shores, CA 94065-1134
   Telephone: (650) 802-3000
6  Facsimile: (650) 802-3100
7
8  DAVID L. YOHAI (*pro hac vice* forthcoming)
   david.yohai@weil.com
9  BLAKE J. STEINBERG (*pro hac vice* forthcoming)
10 blake.steinberg@weil.com
   WEIL, GOTSHAL & MANGES LLP
11 767 Fifth Avenue
   New York, NY 10153
12 Telephone: (212) 310-8000
13 Facsimile: (212) 310-8007
14
15 Attorneys for Defendant THE VANGUARD GROUP, INC.

16              UNITED STATES DISTRICT COURT

17             SOUTHERN DISTRICT OF CALIFORNIA

18

19 AIDAN LARDIZABAL, an individual;        Case No. **'24CV0172 BTM DEB**
   and MAYRA ALEJANDRA PUENTES,
20 an individual, on behalf of themselves
   and all others similarly situated,      **NOTICE OF REMOVAL OF ACTION
21                                          TO UNITED STATES DISTRICT
                                            COURT**
22         Plaintiffs,
23 v.                                       **[**San Diego County Superior Court Case
                                            No. 37-2023-00055108-CU-MC-CTL**]**
24 THE VANGUARD GROUP, INC., a
   Pennsylvania corporation; and DOES 1
25 through 100, inclusive,
26
27         Defendants.

28

DEFENDANT'S NOTICE OF REMOVAL                              CASE NO.

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. § 1332, Defendant The Vanguard Group, Inc. ("Vanguard") hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the County of San Diego, California, to the United States District Court for the Southern District of California.  The grounds for removal are as follows:

### OVERVIEW

1.    The Complaint seeks to assert claims for violation of California Civil Code § 1670.8 against Vanguard on behalf of Plaintiffs and "all other similarly situated consumers who are residents of California" who "used, visited, and/or engaged in transactions via" the investor.vanguard.com website.  Compl. ¶ 1.  The Complaint alleges that the Vanguard Terms of Use (the "Terms") waive consumers' right "to make negative statements regarding Defendants" in violation of § 1670.8, including because the Terms instruct website users "not to use the Site to: . . . submit, upload, post, e-mail, transmit, or otherwise make available any [statement or content] that personally attacks or is derogatory toward Vanguard as an entity, Vanguard employees, any Vanguard products or services, or any Vanguard Materials[,]" and because the Terms require "users to agree not to use any of Vanguard's product or brand names 'in any manner that disparages or discredits Vanguard.'"  *Id.* ¶¶ 6, 8.

2.    As explained herein, federal jurisdiction exists in this case under the Class Action Fairness Act ("CAFA"), because the requirements of 28 U.S.C. §§ 1332(d) and 1453 are satisfied and no exception to CAFA's rules for removal to federal court applies.

### PROCEDURAL HISTORY

3.    On December 20, 2023, Plaintiffs Aidan Lardizabal and Mayra Alejandra Puentes filed a complaint in the Superior Court of the State of California, County of San Diego, against Vanguard.  Attached as **Exhibit A** is a true and correct copy of the Complaint and Summons served upon Vanguard in the Superior Court action.  Attached as **Exhibit B** is a true and correct copy of all other filings served upon Vanguard in the Superior Court action.

1    4.    The Superior Court of the County of San Diego is located within the

2  Southern District of California.  28 U.S.C. § 84(c).  Therefore, removal of Plaintiffs' case

3  to this Court is proper under 28 U.S.C. § 1441(a).

4    **TIMELINESS OF REMOVAL**

5    5.    28 U.S.C. § 1446(b)(1) requires that a notice of removal "be filed within 30

6  days after the receipt by the defendant, through service or otherwise, of a copy of the

7  initial pleading setting forth the claim for relief upon which such action or proceeding is

8  based[.]"  The Complaint was served on Vanguard on December 26, 2023.  This Notice

9  of Removal, filed on January 25, 2024, is therefore timely.

10    **THE COMPLAINT'S ALLEGATIONS**

11    6.    Plaintiffs allege they "used and completed transactions" on the

12  investor.vanguard.com website and "were subject to the Terms that limit their right as

13  consumers to make any statements regarding Defendants, their employees, their products

14  or services, or any of their materials."  Compl. ¶¶ 11, 12, 25.  Plaintiffs contend that

15  Vanguard has therefore "engaged in an intentional business strategy to silence each and

16  every customer or potential customer by purporting to bind users to their Terms."  *Id.* ¶

17  17.

18    7.    Based on these allegations, Plaintiffs seek to assert claims on their behalf

19  and on behalf of a putative class of "all other similarly situated consumers in California"

20  and specifically "all persons residing in California who visited or used the Site or

21  completed transactions on the Site."  *Id.* ¶ 24.  Plaintiffs do not allege a specific class

22  period and instead plead that the class should encompass "the fullest period allowed by

23  law[.]"  *Id.*  The Complaint asserts a single claim for alleged violation of California Civil

24  Code § 1670.8.  *Id.* ¶¶ 44-53.

25    8.    The Complaint seeks statutory damages, pre- and post-judgment interest,

26  injunctive relief, attorney fees and litigation costs, and other damages and remedies.

27  Compl. Prayer for Relief.

28

## BASIS FOR REMOVAL UNDER CAFA

9.    The CAFA provides that a class action against a non-governmental entity may be removed if (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a State different from any defendant; and (3) the aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000.  28 U.S.C. § 1332(d).  Each of these requirements is met here.

### A.    The Class Claims Satisfy the Numerosity Requirement

10.    The Complaint is styled as "a class action" and seeks relief for Plaintiffs as well as for "all persons residing in California who visited or used the Site or completed transactions on the Site."  Compl. ¶¶ 1, 24.

11.    The Complaint alleges the Class numbers "in the tens or hundreds of thousands."  *Id.* ¶ 28.  Based on Plaintiffs' own allegations, the number of proposed class members significantly exceeds 100 class members.  Accordingly, CAFA's numerosity requirement is satisfied here.

### B.    The "Minimal Diversity" Requirement is Satisfied

12.    Plaintiffs allege that they reside in the State of California.  *Id.* ¶¶ 11-12.  Plaintiffs also seek to represent all similarly situated individuals, exclusively in California.  *Id.* ¶ 24.

13.    The Complaint names "The Vanguard Group, Inc." as Defendant.  This entity is diverse from Plaintiffs.  It maintains its principal place of business in Malvern, Pennsylvania and is incorporated in Pennsylvania.

14.    Accordingly, the "minimal diversity" requirement under CAFA—*i.e.*, that any member of a class of plaintiffs is a citizen of a State different from any defendant"—is satisfied for purposes of removal.  28 U.S.C. § 1332(d)(2)(A).

15.    This action does not fall within any of the exclusions in 28 U.S.C. §§ 1332(d) and 1446 because Vanguard is not a citizen of the forum state of California.

### C.    The Matter In Controversy Exceeds $5,000,000

16.    The Complaint alleges that the putative class numbers "in the tens or

hundreds of thousands." Compl. ¶ 28. The Complaint asserts a single claim for violation of Cal. Civ. Code § 1670.8 and seeks statutory damages for this violation. *Id.* ¶¶ 44-53; Compl. Prayer for Relief. Cal. Civ. Code § 1670.8(c) provides for statutory damages "not to exceed two thousand five hundred dollars ($2,500) for a first violation, and five thousand dollars ($5,000) for the second and for each subsequent violation[.]"

17. While Vanguard denies that Plaintiffs are entitled to recover any amount, and denies that class certification is proper, the Complaint's allegations place over five million dollars ($5,000,000) at issue, exceeding the threshold for removal under CAFA. Using the Complaint's lowest estimate of the size of the putative class, ten thousand (10,000), and assuming Plaintiffs are seeking the maximum statutory damage amount available per putative class member for a first violation, two thousand five hundred dollars ($2,500), the minimum amount in controversy equates to twenty-five million dollars ($25,000,000). For the purpose of determining the amount in controversy, the amount at issue is the amount of liability Plaintiffs allege. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

18. Accordingly, the amount in controversy for removal under CAFA is satisfied.

**D.    No Exception to CAFA Removal Applies**

19. No exception to removal under CAFA applies.

\*    \*    \*

20. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

21. Counsel for Vanguard certifies, pursuant to 28 U.S.C. 1446(d), that Vanguard will promptly give notice of filing of this Notice of Removal to Plaintiffs through Plaintiffs' counsel of record and will promptly file with the Clerk of the Superior Court of the State of California, County of San Diego, a copy of this Notice of Removal.

1    Dated: January 25, 2024          Respectfully submitted.

2                                     By:   */s/ David R. Singh*

3                                          David R. Singh (Cal. Bar No.
                                           300840)
4                                          david.singh@weil.com
                                           Amy Tu Quyen Le (Cal. Bar No.
5                                          341925)
                                           amy.le@weil.com
6                                          WEIL, GOTSHAL & MANGES LLP
                                           201 Redwood Shores Parkway, 6th
7                                          Floor
                                           Redwood Shores, CA 94065-1134
8                                          Telephone: (650) 802-3000
                                           Facsimile: (650) 802-3100
9

10                                         David L. Yohai (*pro hac vice*
                                           forthcoming)
11                                         david.yohai@weil.com
                                           Blake J. Steinberg (*pro hac vice*
12                                         forthcoming)
                                           blake.steinberg@weil.com
13                                         WEIL, GOTSHAL & MANGES LLP
                                           767 Fifth Avenue
14                                         New York, NY 10153
                                           Telephone:(212) 310-8000
15                                         Facsimile: (212) 310-8007

16                                         *Attorneys for Defendant The*
17                                         *Vanguard Group, Inc.*

18

19

20

21

22

23

24

25

26

27

28